# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-00168-RLV-DSC

| | |
|---|---|
| CALVIN A. TAUSS, | )<br>) |
| Plaintiff Pro Se, | )<br>) |
| v. | )    **ORDER** |
| | ) |
| MIDLAND STATES BANK, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on pro se Plaintiff's Motion for an "Emergency Order Directing [Defendant] Midland States Bank to Authorize Restoration of Normal Water Service at Plaintiff's Home" (#1). As it does not appear that Defendant in this matter has been served, no counsel has made an appearance in this case on behalf of Defendant. Nonetheless, the court has expedited consideration of this request given the apparent time-sensitive nature of Plaintiff's Motion.

Applications for issuance of a TRO are governed by Fed. R. Civ. P. 65(b), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why is should not be required.

1

*Id.* The Court notes that "the issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.). "In evaluating a request for a TRO, the Court considers the same factors applied for a preliminary injunction." *Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit*, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411 (4th Cir. 1999)). In assessing such factors, Plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in his favor; and (4) the injunction is in the public interest. *League of Women Voters of N. Carolina v. N. Carolina*, 769 F.3d 224, 236 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1735, 191 L.Ed. 2d 702 (2015) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

The Court has closely read the Motion and the documents attached. The Court finds that Plaintiff's Motion fails to make the required showing. In his Motion, Plaintiff asks the court for an "emergency order directing Midland States Bank to authorize restoration of normal water service at plaintiff's home." (#1) at p. 1. Plaintiff states that he is "out patient at Salisbury Medical Center . . . and his condition requires living conditions favorable to his health." *Id.* Plaintiff claims to have "but one water source in [his] home and [an] outside water hose," and that he contacted the city water department, which told him the problem was inside his home and referred him to a plumber. *Id.* Plaintiff claims that "for the toilets, [the] plumber stated that the piping below has to be replaced," and that he "contacted [the] bank section supervisor who stated that she had replaced [the] previous supervisor of [the] section and not knowing what the details were would get back to [him] and 4 days [have] gone by [without an] answer." *Id.* at p. 2.

The Court lacks sufficient information to analyze the facts of the present case against the factors for a TRO. Without additional information, the Court cannot determine what duties, if any, Defendant owes Plaintiff, and as a result the Court cannot predict the likelihood of Plaintiff's success on the merits. Furthermore, Plaintiff has neither described with particularity the irreparable harm he faces nor the immediacy thereof. At this time, and with such little information, it is impossible for the Court to evaluate Plaintiff's situation or his Motion for relief.[1]

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for an "Emergency Order Directing [Defendant] Midland States Bank to Authorize Restoration of Normal Water Service at Plaintiff's Home" (#1) is **DENIED**.

Signed: September 23, 2016

Richard L. Voorhees
United States District Judge

---

[1] With additional information and the execution of service upon Defendant, the Court could possibly evaluate, with or without a hearing, the true nature of the Plaintiff's Motion for relief. Such additional information could include, but isn't limited to, the following: (1) the mortgage held by Defendant; (2) a notice of mortgage transfer or evidence of a transfer without notice; (3) homeowner's insurance policy or any other relevant insurance policy; (4) a written report from a plumber or relevant contractor; and (5) a report of Plaintiff's specific medical conditions affected by the situation.